80,370-0?

IN THE TEXAS COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| Ex Parte | )( | |
| Charles F. Satterfield | )( | |
| Applicant Pro Se. | )( | |
| | )( | Cause No. *1268997-A* |
| Vs. | )( | |
| | )( | |
| State of Texas | )( | |

APPLICANTS RESPONSE TO THE STATE'S PROPOSED
FINDINGS OF FACTS AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGES OF SAID COURT:

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

COMES NOW, Charles F. Satterfield, Applicant in the above and entitled and

numbered cause and presents this his Response to the State's Proposed Findings of Facts

and Conclusions of Law and would move this Court to consider the issues presented

granting the relief to which Applicant is entitled and would show the Court the

following:

I.

Applicant collectively and categorically denies each and every issue presented in the

State's Findings of Fact and Conclusions of Law.

## II.

On the State's own pleading, an Affidavit was developed by Charles Guidry, Attorney at Law, who represented Applicant before the 288th Judicial District Court. Said Affidavit of Facts was sworn to and notarized, and thus becomes evidence to be considered.

In the body of the Affidavit of attorney Charles III. Guidry stated that in his opinion that the ~~In the body of the Affidavit, attorney Charles Guidry stated that in his opinion that he~~ cannot truthfully state that Mr. Satterfield fully understood the range of punishment and the consequences of his plea (Affidavit #10, page 5). However, the State argues that the said Affidavit pleading was not sufficient to overcome the adversarial process of the issue presented. Applicant objects to this and respectfully asks the Court of Appeals to take ~~presented. Applicant objects to this and respectfully asks the Court of Appeals to take~~

## Response con't

Judicial Notice of this important issue. The State can not request some information that becomes evidentiary in nature, and then cry "foul" when they don't get the answer they anticipated.

## IV.

Applicant's plea before the Court was not voluntary and respectfully asks this Court to Grant him the relief to which he is entitled.

## V.

It has long been established in the Courts that Pro Se litigants can not be held to the strict guidelines afforded to licensed, professional attorneys. The absence of any Case Law should not prevent this Court from weighing the issues presented before it fairly and judiciously.

## VI.

Applicant has overcome the presumption of regularity concerning his guilty plea. By the State's own Proposed Order, signed and ORDERED by the trial Judge. Applicant's Attorney Charles Guidry stated that Applicant's plea was not voluntary and the applicant was not aware of the consequences of his plea.

## VII.

Page 7, item number 39 of the State's Proposed Findings of Facts and Conclusions of Law states that the applicant fails to show a plea agreement existed, including any form of Probation. If this were true then why was the issue addressed by a visiting Judge shown in the record in the Court's Docket sheet.

## VIII.

Applicant has limited access to the internal administrative workings of the Texas Department of Criminal Justice, or to the Harris County Sheriff's Office. At best

Response con't

~~inquiries made by Applicant were either denied or passed along, never answered.~~

Applicant's other attorney, Randy Schaffer cut the Applicant off over a fee dispute and refused to represent Applicant until the fee dispute resolved, see Exhibit #CCA 1, an Email received by Applicant from Randy Schaffer. Applicant had already paid him $26,700.00 in fees. For Schaffer to cut Applicant off as he did was unethical, and did cause Applicant denial of access to the courts as Applicant relied heavily upon Schaffer's representation. In Ruiz v Estelle it was clearly defined how such actions by attorneys establishes a denial of access to the courts, indeed to his own paid attorney. This Court, on its own requests can obtain the procedure for "new intake" prisoners at the Holliday Unit of the TDCJ-ID which will show that new intake prisoners can not have access to the law library until they complete the intake process. The additional 26 days

should be considered in Applicant's claim of being denied of access to the Courts for the purpose of developing and filing a Motion for Shock Probation.

## IX.

In the States's Proposed Conclusions, page 9, item 4, it states that the Applicant fails to present any arguments or evidence that Guidry's actions fell outside of prevailing professional norms. In the context of his Original Application for Writ of Habeas Corpus Applicant contended his plea was not voluntary and on the State's own motion, Guidry ~~Applicant contended his plea was not voluntary and on the State's own motion, Guidry;~~ under Affidavit stated he could not say for certain Applicant's plea was voluntary and that he understood the consequences of his plea. It is paramount for an attorney to ensure that a defendant pleas guilty knowingly, voluntarily, and that he knows the consequences of his actions before the Court. Because this was breached Applicant should be afforded relief.

Response con't

WHEREFORE, premises considered, Applicant prays that this Honorable Court take Judicial Notice of the issues raised in his Original Application for Writ of Habeas Corpus, his answers to the State's Proposed Order and to this Response, GRANTING the ~~relief to which Applicant is entitled.~~

SO MOVED AND PRAYED ON THIS THE 20TH DAY OF February , 2015.

Respectfully Submitted;

_____
Charles F. Satterfield     Pro Se

Applicant

IN THE TEXAS COURT OF CRIMINAL APPEALS

EX PARTE

-----

CHARLES SATTERFIELD

Cause No. *1268997-A*

## ADDENDUM TO APPLICANT'S RESPONSE

To the Honorable Judges of Said Court:

COMES NOW, Charles Satterfield, Applicant in the above entitled and numbered

Cause and submits this his ADDENDUM to his Response to the State's Proposed

Findings of Facts and Conclusions of Law, and would show the Court the following:

I.

On the motion by the State, Attorney for Defendant, Mr. Charles Guidry stated in his

Affidavit, that State had breached it's agreement with the defendant by not honoring

the agreement to not recommend any sentence nor would they recommend a sentence.

They broke that promise when they recommended prison time before the Court. This

Breach in the agreement entitles Applicant to relief by this Court.

So moved and prayed on this _20th_ day of _February_ ,2015.


_____
Charles F. Satterfield    / Applicant
Pro Se

Applicants Exhibit CCA #1

From: **Charles Satterfield** chassatt@yahoo.com
Subject: Fw: Fwd:
Date: May 2, 2014 at 3:57 PM
To: Me stacy1968@ymail.com

On Wednesday, October 16, 2013 12:20 PM, Charles Satterfield <chassatt@yahoo.com> wrote:

Sent from Yahoo! Mail for Windows 8
----- Forwarded Message -----
From: The Schaffer Firm <noguilt@swbell.net>
Sent: Thu, Aug 9, 2012 at 8:04 AM
To: <chassatt@yahoo.com>
Subject:

I do not accept your apology. The entire fee was due three months ago. You never deposited the full amount required for expenses. You always have an excuse for why you cannot pay what you owe. It is clear from your letter of August 1 that your truck is more important to you than your freedom.

If I had not fought for you at the bond revocation hearing, your bond would have been revoked, and you would have awaited the outcome of the appeal in prison. You showed your lack of respect for me when you paid to fix your truck instead of paying me.

You have a lot of nerve to ask me how to retrieve your property from the police. I will not communicate with you again until you have paid the $1,500 that is past due. I do not want to hear any more excuses.

Sincerely,

Randy Schaffer

The Schaffer Firm

1301 McKinney, Suite 3100

Houston, TX 77010

713-951-9555

Affidavit

My name is Stacy Satterfield and Charles Satterfield is my uncle. My uncle was completely unaware his appeal was up when he was arrested on October 10, 2012. The following are the conversations I had with Mr. Shaffer or his staff after that.

I called Mr. Shaffer's office to find out what options my uncle had now that he had been arrested, it took a few calls to finally have Mr. Shaffer speak to me. Upon returning my call Mr. Shaffer chastised me for calling after my uncle was arrested. He then told me when the balance of $1500 was paid he would state my uncle's options. I pointed out the amount was incorrect and it was only $1300 and that I had already mail a $500 check to him for my uncle. Mr. Shaffer was displeasesd that I disputed him on the amount and terminated the conversation. When Mr. Shaffer found he was in error and I was correct about the amount owed he had his secretary call to apologize for being so abrupt with me, he did not have the courtesy to apologize himself. After the balance of $800 was paid I call Mr. Shaffer and the only thing he had to say was to go any further and state my uncle's options there would be a $10,000 fee.

I feel that Mr. Shaffer has acted very unprofessional from the beginning. I was the person who first contacted him for my uncle. When I called him the first time to explain my uncle's situtation and find out his fees he told me they were $10,000. My uncle went with $10,000 cash to retain his services, at which time Mr. Shaffer said the fee was $20,000 plus $3,000 for expenses. My uncle did retain Mr. Shaffer and then once my uncle had paid him in excess of $26,000 with only $1300 being owed refused to speak with him until the balance was paid because it was a little late. This was the time that my uncle's appeal ran out and he was taken to jail.

Stacy Satterfield

Stacy Satterfield                              February 19, 2015

1

Dear Clerk,

Enclosed please find (1) one original and (3) three copies of my Response to the State's Proposed Findings of Facts and Conclusions of Law with attachments. Please mark "FILED" and place the 3 copies before the Judges of the Court to hear my Application for Writ of Habeas Corpus.

Please notify me of the status of my Writ. Thank you for your time and attention to this matter at hand.

Yours Truly,

Charles F. Satterfield
Applicant Pro Se